# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**July 1, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| IN THE MATTER OF: | ) | Dickson Juvenile |
| S.M.L., (DOB 12/26/88), | ) | No. 07-93-017-CC |
| C.B.L., (DOB 4/14/92), | ) | |
| D.K.J., (DOB 5/8/93), | ) | |
| | ) | Appeal No. |
| Children under the age of 18. | ) | 01A01-9710-JV-00596 |
| | ) | |
| | ) | |
| | ) | |

# OPINION ON PETITION FOR REHEARING

C.L.H. has filed a timely Tenn. R. App. P. 39 petition for rehearing and a Tenn. R. App. P. 14 motion to consider post-judgment facts. She asserts that our original opinion filed on June 12, 1998 misapprehends material facts with regard to her more recent self-improvement efforts, and she offers new evidence regarding her educational attainments and the stability of her living environment.

We have carefully considered this proffered evidence just as we carefully considered the evidence in the record before us when we first decided this appeal. We neither discount nor hold for naught C.L.H.'s efforts to stop the tailspin that her life has been in. However, we must counterbalance her efforts with the hard reality that the three children involved in this proceeding were removed from her custody in July 1993. Between that time and the April 1997 juvenile court hearing, she completely failed to demonstrate that she would be able to provide her children with a safe and nurturing home environment. The Department of Children's Services presented clear and convincing evidence at the April 1997 hearing warranting the termination of C.L.H.'s parental rights in accordance with Tenn. Code Ann. § 36-1-113(g)(3)(A) (Supp. 1997).

Accordingly, we grant C.L.H.'s motion to consider post-judgment facts and deny her petition for rehearing. We tax the costs of the petition for rehearing to the Department of Children's Services.

_____

HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE